UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

August 29, 2018

LETTER TO COUNSEL:

      RE:    *Tammie Suree Frid v. Nancy A. Berryhill, Acting Commissioner, Social Security*[1]
            Civil Case No. TJS-17-2771

Dear Counsel:

On September 18, 2017, Plaintiff Tammie Suree Frid ("Ms. Frid") petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 17 and 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her application for DIB, Ms. Frid alleged a disability onset date of December 1, 2012.[3] (Tr. 164.) Her application was denied initially and on reconsideration. (Tr. 113-15, 118-19.) A hearing was conducted before an Administrative Law Judge ("ALJ") on February 22, 2016. (Tr. 37-77.) On August 31, 2016, the ALJ found that Ms. Frid was not disabled under the Social Security Act. (Tr. 16-28.) The Appeals Council denied Ms. Frid's request for review (Tr. 1-3), making the ALJ's decision the final, reviewable decision of the Agency.

The ALJ evaluated Ms. Frid's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. At step one, the ALJ found that Ms. Frid was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since December 1, 2012. (Tr. 18.) At step two, the ALJ found that Ms. Frid suffered from the following severe impairments: anxiety disorder, bipolar affective disorder, alcohol use disorder,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On July 31, 2018, the case was reassigned to me.

[3] Ms. Frid amended her onset date to November 1, 2013. (Tr. 18, 48.)

degenerative disc disease, and arthritis in the knee. (*Id.*) At step three, the ALJ found that Ms. Frid's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 19.) The ALJ determined that Ms. Frid retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she is "limited to simple tasks and occasional interactions with the public." (Tr. 21.)

At step four, the ALJ found that Ms. Frid was unable to perform any past relevant work. (Tr. 26.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Ms. Frid can perform, including assembler, sorter, and mail clerk. (Tr. 27.) Therefore, the ALJ found that Ms. Frid was not disabled under the Social Security Act. (*Id.*)

Ms. Frid raises three arguments in this appeal. First, she argues that the ALJ did not properly consider her difficulties in maintaining concentration, persistence, and pace, as required by the Fourth Circuit in *Mascio*, 780 F.3d 632. (ECF No. 17-2 at 9-17.) Second, she argues that the ALJ did not properly evaluate whether her impairments met or equaled Listing 1.04A. (*Id.* at 17-24.) Third, she argues that the ALJ's RFC determination is not supported by substantial evidence. (*Id.* at 24-28.)

After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not adequately account for Ms. Frid's limitations in concentration, persistence, and pace in the RFC assessment. Because the ALJ did not properly assess Ms. Frid's RFC, the findings made by the ALJ in reliance on the RFC cannot be said to be based on substantial evidence. In light of this finding, I decline to address Ms. Frid's other arguments.

Ms. Frid argues that the ALJ's RFC assessment fails to take into account her limitations in maintaining concentration, persistence, and pace. (*Id.* at 13-19.) In support of this argument, she relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Ms. Frid moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis:

> With regard to concentration, persistence, or pace, the claimant has moderate difficulties. The claimant was able to understand [and] follow simple instructions independently.

(Tr. 18.)

The ALJ's finding that Ms. Frid has moderate limitations with regard to concentration, persistence, and pace is supported by substantial evidence. (*See* Tr. 102, 105-6, 232, 355.)

However, the ALJ's RFC assessment does not account for these moderate limitations. The RFC assessment limits Ms. Frid to performing work involving simple tasks. (Tr. 21.) Limiting Ms. Frid to work that involves only simple tasks does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Ms. Frid might be able to perform simple, rote tasks for a short period of time but unable to sustain her performance for a full workday and workweek. The ALJ's finding that Ms. Frid can perform simple tasks does not adequately account for her ability to concentrate and stay on task. The ALJ provided no explanation for why limiting Ms. Frid to work involving simple tasks would sufficiently address her concentration and persistence limitations. Ms. Frid's ability to perform simple tasks is not the same as her ability to stay on task. Furthermore, the ALJ did not address how Ms. Frid's pace limitations impact her ability to work.

Based on this record, the Court is unable to find that the RFC determination by the ALJ represents an accurate characterization of Ms. Frid's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. The ALJ's decision is insufficient to permit adequate review. Without additional explanation by the ALJ, the Court is unable to review the ALJ's findings to determine whether they are supported by substantial evidence and without legal error.

In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Ms. Frid's limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Ms. Frid's moderate limitations in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Ms. Frid is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is

**REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge